The opinion of the Court was delivered by
Wardlaw, J.
This case, like that of Carmichael vs. Buck, in which we have just delivered the opinion, was decided by rules of law supposed to settle it, without submission to the jury of facts which might have modified those rules. To the opinion we have mentioned, we refer fox much that is applicable to this case.
If Hopkins, Hudson & Co., had in the ordinary course of trade, bought the plaintiff’s goods from P. M. Cohen & Co., and this suit had been against them, then the inquiry should have been, first, were P. M. Cohen & Co., authorized to sell ? If not, second, which of two innocent persons shall suffer ? That second would have been equivalent to the question, which gave credit to P. M. Cohen & Co., by reposing trust in them ? and that question would have been resolved by evidence as to the nature of the appearances which the plaintiff *291 permitted them to assume: Did be bold them out as bis agents authorized to sell, or did be permit them to appear as true owners of bis goods ?
But Hopkins, Hudson & Co., did not buy from P. M. Coben & Co., in the ordinary course of trade: — they took boxes of goods from them after they bad become insolvent in payment of a pre-existing debt; Hopkins, Hudson & Co., if they knew that P. M. Coben & Co., were agents to sell the goods on commission, could not have supposed that the authority to sell included an authority to assign after insolvency. If they "¡supposed that P. M. Coben & Co., were real owners, still Hopkifis, Hudson & Co., would not have stood in a situation entitled to regard equal to that bestowed upon the true owner: If they should have lost the benefit of their assignment of the goods in question, they would not have been sufferers in equal degree as the plaintiff would be if be should lose bis property: — for they paid no money for these goods, and upon return of the boxes to the plaintiff would have been in the same condition they were in before they took them in part satisfaction of their debt. Against Hopkins, Hudson & Co., the plaintiff would then have prevailed. 11 How. U. S. R., 209, Warner vs. Martin.
Is the defendant, Mordecai, in any better situation ? If Hopkins, Hudson & Co., acquired no title, they could have transferred, none: but their transfer, accompanied by the payment of a price to them, might have put Mordecai in the situation of an innocent purchaser, entitled to ask, that, as between himself and the plaintiff, the loss should fall upon him whose misplaced confidence occasioned it. If Mordecai, or his agent, knew that the goods really belonged to the plaintiff, and had been assigned to Hopkins, Hudson & Co., in payment of the debt of P. M. Cohen & Co., then Mordecai is affected with notice, which puts him in the same situation that Hopkins, Hudson & Co., were in. But if Mordecai and his agents did suppose, and from all appearances and circumstances should *292 have supposed, that P. M. Cohen & Co., were the true owners of these goods, and that the assignment of them was in all respects fair, then Mordecai will stand in the same situation as if he had innocently bought the boxes from P. M. Cohen & Co., and the questions will be whether the plaintiff by his conduct enabled P. M. Cohen & Co., to hold themselves out as the true owners to the deceit of those-vjho dealt with them: and whether Mordecai was really deceived thereby.
We-desire to be understood to have formed no opinion on any of the questions that we think the defendant might .have required to be submitted to the jury, and we order a new trial only that an opportunity for a proper trial of these questions may be had.
Motion granted.
WhitNeb. and Munro, JJ., concurred.
O’Neall, J., I dissent.

Motion granted.